IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MATEO GOMEZ,**

                      **Petitioner,**

         v.                                   CASE NO. 07-3027-SAC

**STATE OF KANSAS, et al.,**

                      **Respondents.**

### O R D E R

Petitioner, a prisoner incarcerated in Lansing Correctional Facility in Lansing, Kansas, proceeds pro se on a petition for habeas corpus relief under 28 U.S.C. § 2254. Having reviewed petitioner's financial resources, the court denies petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 in this matter.[1] Petitioner may proceed in this matter only if he pays the $5.00 district court filing fee. The failure to pay the district court filing fee in a timely manner may result in this matter being dismissed without prejudice.

Additionally, the court finds the petition is subject to being dismissed as a "mixed" petition containing both exhausted and unexhausted claims.

Petitioner seeks relief on five claims, four of which appear to

---

[1] *See* D.Kan.Rule 9.1(g) "In the absence of exceptional circumstances, leave to proceed in forma pauperis may be denied if the value of the money and securities in petitioner's, movant's or plaintiff's institutional account exceeds $150.00."

have been fully exhausted in the state courts through petitioner's direct appeal (Claims I-III and V). No exhaustion of state court remedies, however, is evident on petitioner's claim of ineffective assistance of counsel (Claim IV).

Petitioner may not obtain federal habeas corpus on any claim that has not been exhausted in the state courts, absent a showing that such remedies are unavailable or ineffective under the circumstances. 28 U.S.C. § 2254(b)(1). A petition containing a mixture of exhausted and unexhausted claims is subject to being dismissed without prejudice to allow petitioner to fully exhaust state court remedies on any unexhausted claim. Rose v. Lundy, 455 U.S. 509 (1982).

The Antiterrorism and Effective Death Penalty Act (AEDPA) on April 24, 1996, imposed a one year limitation period on state prisoners seeking habeas corpus relief in federal court. 28 U.S.C. 2244(d)(1). The running of this limitation period is tolled while any properly filed state post-conviction proceeding and appeal therefrom is pending in the state courts. 28 U.S.C. § 2244(d)(2). Significant to the instant action, there is *no* tolling of the running of this limitation period by the filing of the instant habeas action in this court. *See* Duncan v. Walker, 533 U.S. 167, 181-82 (2001)(AEDPA's provision for tolling limitation period during pendency of a properly filed application for State post-conviction or other collateral review does not toll the limitation period during the pendency of a federal habeas petition).

From the information provided in the record, it appears

petitioner's state conviction became final in July 2006 upon expiration of the time for seeking review by the United States Supreme Court. *See* <u>Locke v. Saffle</u>, 237 F.3d 1269 (10th Cir. 2001)(start date under 28 U.S.C. 2244(d)(1)(A) for running of one year limitation period includes the 90 day period for seeking certiorari review by U.S. Supreme Court). Because it does not appear that dismissal of the "mixed" petition presented by petitioner in this case would foreclose petitioner from being able to timely refile a petition in which all claims have been fully exhausted, the court finds dismissal of the petition without prejudice is an appropriate action.

Alternatively, petitioner can choose to voluntarily dismiss his one unexhausted claim (Claim IV) and proceed only on the four remaining claims. To do so, however, could result in federal review of petitioner's ineffective assistance of counsel claim (Claim IV) being forever precluded unless petitioner can satisfy the statutory requirements for obtaining authorization from the Tenth Circuit Court of Appeals to file a second or successive habeas corpus petition in this court. *See* 28 U.S.C. § 2244(b)(3)(procedure for seeking authorization from court of appeals to file second or successive 2254 petition in district court).

Dismissal of the instant mixed petition without prejudice, to allow petitioner to seek state court review of his unexhausted claim of ineffective assistance of counsel,[2] appears to be the more

---

[2]State review of petitioner's unexhausted claim of ineffective assistance of counsel is normally pursued through a motion for post-conviction relief filed under K.S.A. 60-1507 filed in the state

reasonable alternative under the circumstances.  Unless petitioner amends the petition to voluntarily delete the unexhausted claim of ineffective assistance of counsel (Claim IV), the court finds the petition should be dismissed without prejudice to allow petitioner to fully exhaust state court remedies on all five claims.

Petitioner is reminded that the limitations period in 28 U.S.C. § 2244(d)(1) started running in July 2006, and continues until the limitations period expires one year later.  If petitioner properly files a post-conviction motion in the state courts prior to that expiration date, then the running of the § 2244(d)(1) limitations period is tolled while that post-conviction motion is pending in the state district and appellate courts.  Unlike petitioner's direct appeal, there is no continued tolling if petitioner seeks review by the United States Supreme Court.[3]  The time *remaining* in the § 2244(d)(1) limitations period to refile a § 2254 petition with fully exhausted claims begins to run upon the conclusion of that state post-conviction proceeding.[4]  The failure to refile a petition with

---

sentencing court within one year of petitioner's conviction becoming final, K.S.A. 60-1507(f), and an appeal therefrom to the Kansas appellate courts.

[3]*See* Locke v. Saffle, 237 F.3d 1269 (10th Cir. 2001)(tolling under 28 U.S.C. § 2244(d)(2) for state post-conviction proceedings does *not* include time for seeking certiorari review in U.S. Supreme Court).

[4]The one year limitations period in § 2244(d)(1) does not begin anew.  *See e.g.* Smith v. McGinnis, 208 F.3d 13, 16 (2nd Cir.)(AEDPA one-year period is suspended from date on which post-conviction relief application is filed until its resolution is final, one-year period then resumes running from the day on which it left off), *cert. denied*, 531 U.S. 840 (2000).

fully exhausted claims within the time remaining in the § 2244(d)(1) limitations period could result in federal habeas review of all claims being time barred.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is denied.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to pay the $5.00 district court filing fee in this habeas action.

IT IS FURTHER ORDERED that the petition will be dismissed without prejudice absent amendment of the petition within twenty (20) days to voluntarily dismiss Claim IV.

**IT IS SO ORDERED.**

DATED:  This 15th day of February 2007 at Topeka, Kansas.


  s/ Sam A. Crow
 SAM A. CROW
 U.S. Senior District Judge