```
           IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**MATEO GOMEZ,**

                **Petitioner,**

     v.                                       **CASE NO. 07-3027-SAC**

**STATE OF KANSAS, et al.,**

                **Respondents.**

### **O R D E R**

Petitioner, a prisoner incarcerated in Lansing Correctional Facility in Lansing, Kansas, proceeds pro se on a petition for habeas corpus relief under 28 U.S.C. § 2254. By and order dated February 15, 2007, the court denied petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, and directed petitioner to pay the $5.00 district court filing fee. The court also found the petition contained a mixture of exhausted and unexhausted claims, thus the petition was subject to being dismissed without prejudice to allow petitioner to fully exhaust state court remedies on all claims being presented to this court.

In response, petitioner filed a motion to voluntarily dismiss his sole unexhausted claim, and to voluntarily dismiss the petition without prejudice to allow him to return to the state courts to exhaust state court remedies through a post-conviction motion under K.S.A. 60-1507 and appeal. The court liberally construes this pro se pleading as petitioner's voluntary dismissal of all claims, and not

just the single unexhausted claim, and grants the motion.

Petitioner is reminded of the one year limitations period imposed by the 28 U.S.C. § 2244(d)(1). Although the running of this limitation period is tolled while any properly filed state post-conviction proceeding and appeal therefrom is pending in the state courts, 28 U.S.C. § 2244(d)(2), there is *no* tolling by petitioner's filing of instant habeas action in federal court. *See* Duncan v. Walker, 533 U.S. 167, 181-82 (2001)(AEDPA's provision for tolling limitation period during pendency of a properly filed application for State post-conviction or other collateral review does not toll the limitation period during the pendency of a federal habeas petition).

IT IS THEREFORE ORDERED that petitioner's motion to voluntarily dismiss the petition is granted, and that the petition is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 14th day of March 2007 at Topeka, Kansas.

                          s/ Sam A. Crow
                          SAM A. CROW
                          U.S. Senior District Judge